IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOLER COMPANY, | ) |
| Plaintiff, | ) No. 03 C 4589 |
| vs. | ) Judge Joan H. Lefkow |
| ARVINMERITOR, INC., | ) |
| Defendant. | ) Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

What was to be a routine status turned into an extensive hearing on motions by both sides. Mr. Applegate, counsel for Boler Company, appeared by telephone from England, where he is involved in discovery in the instant case. Mr. Mason, counsel for Arvinmeritor, Inc., appeared in person so that he could raise by oral motion the permissibility under the extant protective order of Mr. Vandenberg reviewing documents and things being produced in England by Arvinmeritor. It was the defendant's position that Mr. Vandenberg ought not be allowed to serve in this case as either a testifying or consulting expert and that he ought not to be allowed to review any documents being produced in discovery or to examine any of the products (or components of products) that are the subject of this case--even those that are available for purchase by the public.

Mr. Mason's oral motion to preclude inspection of tangible things that are currently available in the market is denied. His oral motion to prevent Mr. Vandenberg from reviewing photographs or videotapes of those tangible things is likewise denied. By definition, that which is available for sale to the public (or exposed to the public) is not confidential and thus not within the ambit of a protective order that seeks to guard trade secrets or other kinds of confidential information. *See*

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984); *Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*, 925 F.2d 174, 179 (7th Cir. 1991); *Curtis 1000 v. Suess*, 24 F.3d 941, 947 (7th Cir. 1994)( "Confidential information, to be protectable, must be confidential."). *Compare Florida v. Riley*, 488 U.S. 445, 457 (1989)("There is no reasonable expectation of privacy in an area that is exposed to the public"); *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)(Information provided to an attorney with the expectation that it be provided to third parties loses any claim to attorney-client privilege protection).

Mr. Mason has represented that those things that are not in commercial circulation will be segregated from those that are so that there will be no issue about Mr. Vandenberg's exposure to things to which there might be some legitimate claim of confidentiality. Thus, I need not reach the question of whether the defendant has impermissibly delayed raising the objection to Mr. Vandenberg by taking no action between June 23, 2008 and July 2, 2008 despite its awareness that Mr. Vandenberg would be accompanying Mr. Applegate to England in connection with ongoing discovery.[1]

Mr. Mason's oral motion to exclude Mr. Vandenberg from participation in this case on the basis that he is a competitor of the defendant and thus excludable under paragraph 5(f)(3) of the Protective Order is denied. There was no notice of the motion and it is not supported by a memorandum of law as required by my standing orders. Moreover, Mr. Applegate denies that Mr.

---

[1] Throughout the range of the law, there are time limits imposed on parties at every stage of the case. Some are mandatory and admit of no deviations; others are more flexible. But in each instance, parties who do not pay heed to Shakespeare's injunction--"Defer no time delays have dangerous ends." Henry VI, Part I (1592) Act III, sc. ii 1.33.-- imperil their own interests. The Seventh Circuit is partial to Twelfth Night. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995) (" 'In delays there lies no plenty.' "). No matter. The point is the same.

Vandenberg is excludable under the Protective Order and thus, there is no principled way that I can make any decision on the legitimacy of the oral motion. In any event, the objection to Mr. Vandenberg's review of supposedly confidential documents is premature since Mr. Applegate has represented that there will be no document review until next week, after Mr. Vandenberg has returned to the United States.

Mr. Applegate has orally moved to compel production pursuant to the January 14, 2008, document request. These issues are straightforward and there is no real dispute about the underlying facts. Requests 9-10 and 9-13 of the documents request, as modified by the plaintiff at the June 6, 2008 Rule 37 conference, shall be produced by July 21, 2008 unless the defendant has legitimate objections which it must make by July 11, 2008. Boilerplate objections will not be countenanced. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982); *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 340 (N.D.Ill. 2007). The parties are reminded of Judge Easterbrook's caution in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786 (7th Cir. 1994): "The great operative principle of Rule 37(a)(4) is that the loser pays. Fee shifting, when the judge must rule on discovery disputes, encourages their voluntary resolution and curtails the ability of litigants to use the legal process to heap detriments on adversaries without regard to the merits of the claim."

Requests 9-20 and 9-21 seek joint testing or related information. Mr. Mason's objection is that in order to inform his clients of what documents are required he would have to provide them with the "attorneys' eyes only" attachment to the document request–which plainly he cannot do. Mr. Applegate's solution to this conundrum was to modify the request in court so that it can be generically described to the defendant by its counsel. With that amendment, documents responsive to Requests 9-20 and 9-21 shall be produced on or before July 21, 2008.

Finally, Requests 9-16 and 9-22 seek performance appraisals and other personnel information for Messrs. Hughes and Grant. The defendant's objection to relevancy is not well taken for the reasons discussed in court. *See generally Hodgon v. Northwestern University*, 245 F.R.D. 337 (N.D.Ill. 2007); *Wilson v. Kautex*, 2008 WL 89881 (N.D. Ind. 2008)(citing *Hodgon*). As expansive as is the definition of relevancy under Rule 401 of the Federal Rules of Evidence, *United States v. Murzyn*, 631 F.2d 525, 529 (7th Cir.1980); *United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir.1987), the standard under Rule 26 is, as the text of the Rule makes clear, even broader. *Hofer v. Mack Trucks*, 981 F.2d 377 (8th Cir.1992). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." The evidence itself need not be admissible so long as it may lead to admissible evidence.

So far as the discussion today reveals, the information sought is relevant within the meaning of Rule 26. To this may be added the following observation: the documents may contain information that would reflect on reputation for truth and honesty and thus could lead to evidence admissible under Rule 608(a), Federal Rules of Evidence, as well as under Rule 608(b), as discussed in court. Mr. Mason, however, raised as an objection a point apparently not raised in his initial written objection to the request, namely that the laws of England forbid disclosure of such personnel information and perhaps upon pain of criminal penalty. Pursuant to the briefing schedule set in court, the plaintiff may file a motion for protective order within 7 days dealing with three issues: first, whether the laws of England in fact prohibit the requested discovery; 2) whether, if they do, that laws govern this proceeding; and 3) whether the failure to raise the issue before today operates as a waiver. The plaintiff's response will be due seven days thereafter. No reply will be necessary unless requested by the court.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 7/2/08

5